UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COBBLER NEVADA, LLC,

                Plaintiff,

                                  Case No. 15-12771

vs.                               Paul D. Borman
                               United States District Judge

DOES 1-30,

                Defendant.

_____/

OPINION AND ORDER (1) SEVERING DOE DEFENDANTS 2-30; AND
(2) GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY
SUBPOENAS AS TO DOE DEFENDANT 1 (ECF NO. 2)

On August 6, 2015, Plaintiff Cobbler Nevada, LLC filed an action against thirty Doe

Defendants, identified only by their subscriber Internet Protocol addresses ("IP addresses"),

alleging that these Doe Defendants unlawfully downloaded and/or shared Plaintiff's copyrighted

motion picture "The Cobbler".  (ECF No. 1).  The same day, Plaintiff filed a Motion for Leave to

Serve a Third-Party Subpoenas Prior to a Rule 26(f) Conference.  (ECF No. 2).  In the Motion

for Leave to Serve Third-Party Subpoenas, Plaintiff seeks to discover information regarding the

thirty Doe Defendants' identities through subpoenas to the Internet Service Providers ("ISP")

associated with the Doe Defendants' IP addresses.

For the reasons set forth below, the Court finds that Doe Defendants 2-30 are improperly

joined to this action and SEVERS them pursuant to Federal Rule of Civil Procedure 21.  Further,

the Court will grant in part Plaintiff's Motion for Leave to a Serve Third-Party Subpoena Prior to

a Rule 26(f) Conference as to Doe Defendant 1.

## I. BACKGROUND

Historically, in these copyright infringement actions involving peer-to-peer ("P2P") file sharing technology, the copyright holders would sue the networks themselves, i.e. Napster.[1] *See* Evan Hoole, Comment, *An Uncomfortable Threesome: Permissive Party Joinder, BitTorrent, and Pornography*, 63 Emory L.J. 1211, 1220-21 (2014). However, as file sharing technology has progressed, this litigation strategy became more tenuous and difficult. As a result, the copyright holders began to sue the individual users of P2P networks, at times suing "hundreds, and even thousands, of users in a single suit." *Id.* (citation omitted).

The most recent and popular type of P2P network is called "BitTorrent." BitTorrent allows a large number of peers to quickly share large files by breaking up the files into thousands of pieces. "BitTorrent protocol works by facilitating the distribution of data between users, allowing them to exchange pieces of a file with one another so that they can eventually assemble those pieces into a complete copy of that file." Sean B. Karunaratne, Note, *The Case Against Combating BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits*, 111 Mich. L. Rev. 283, 289 (2012). The process begins with a "tracker" which helps peers locate other peers offering the desired movie or content and then a "swarm" of peers join together in the downloading the file. The swarm includes both "leechers," who are in the process of downloading bits of the file, and "seeds," who are peers that have a complete copy of the desired

---

[1] "P2P technology is a 'software architecture' that allows for the 'decentralized' sharing of data files" with the individual computers connecting to one another to download stored files rather than connecting to a centralized server." Evan Hoole, Comment, *An Uncomfortable Threesome: Permissive Party Joinder, BitTorrent, and Pornography*, 63 Emory L.J. 1211, 1216 (2014).

file. *Id*. "The key difference between BitTorrent and other peer-to-peer file-sharing systems is that BitTorrent makes file sharing a cooperative endeavor." *Id*. at 290. Thus, copyright holders have pursued the mass lawsuit model that was rejected by courts in earlier P2P litigation on the basis that the joinder of many defendants in copyright actions involving BitTorrent networks or swarms is proper because their claims arise out of the same transaction, occurrence or series of transactions or occurrences as required under Fed. R. Civ. P. 20(a)(2). *Id*.

> District Court Judge Thomas L. Ludington has summarized BitTorrent technology:
>
> Briefly, here's how BitTorrent works. A file transfer begins "when one user accesses the Internet through an ISP and intentionally makes a digital file of a work available to the public from his or her computer. This file is referred to as the first 'seed.' Other users, who are referred to as 'peers,' then access the Internet and request the file. These users engage each other in a group, referred to as a 'swarm,' and begin downloading the seed file. As each peer receives portions of the seed, that peer makes those portions available to other peers in the swarm." *Pac. Century Int'l, Ltd. v. Does 1-48*, C 11-3823 MEJ, 2011 WL 4725243, at *3 n. 1 (N.D.Cal. Oct.7, 2011) (internal citations omitted).

*Patrick Collins, Inc. v. John Does 1-28*, No. 12-13670, 2013 WL 359759, *3 (E.D. Mich. Jan 29, 2013). "BitTorrent's key, as noted, is reciprocity–a peer not only downloads but automatically uploads pieces to other peers." *Id*. "To keep the torrent operating at maximum capacity, the BitTorrent protocol uses a process called pipelining. Every active peer in a torrent maintains a continuously refreshed queue of requests for pieces, so that no connection is ever left idle after any one piece is downloaded." *Id*. (citation omitted).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 20(a)(2) allows the joinder of defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). "The purpose of [Rule 20] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. Single trials generally tend to lessen the delay, expense and inconvenience to all concerned." *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 166 (E.D. Mich. 2012) (citation omitted), *report and recommendation adopted*, 11-15232, 286 F.R.D. 319, 2012 WL 4498373 (E.D. Mich. Sept. 28, 2012). The remedy for improper joinder is severance under Rule 21, pursuant to which "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21.

"The transaction or occurrence test of Rule 20(a) 'is similar to the transaction-or[-]occurrence test of Rule 13(a) for compulsory counterclaims, which has been construed as requiring a 'logical relationship' between the claims.'" *Patrick Collins, Inc. v. John Does 1-28*, No. 12-13670, 2013 WL 359759, * 5 (E.D. Mich. Jan 29, 2013) (quoting *In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012)). "The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant. In other words, the defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must *share* an aggregate of operative facts." *In re EMC Corp.*, 667 F.3d at 1356. However, "even if a plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all defendants, 'district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.'" *Id*. at 1360 (quoting *Acevedo v. Allsup's Convenience Stores, Inc*., 600 F.3d 516, 521 (5th Cir. 2010)).

4

III. ANALYSIS

A.    Different Approaches in this District

In two previous actions involving BitTorrent technology in which multiple Doe defendants were named this Court granted the plaintiffs' motions for leave to serve third-party subpoenas prior to Rule 26(f) conferences and did not reach the issue of whether joinder was proper.  *See TCYK, LLC v. John Does 1-9*, No. 13-14322, ECF No. 9;  *Patrick Collins v. Does 1-30*, No. 11-15236, ECF No. 7.  However, in light of the most recent proliferation of cases filed in this district involving BitTorrent technology and in recognition of the split in this district regarding whether a single swarm may justify joinder, the Court finds it appropriate to formally address whether joinder in this action is justified.

As noted above, there is a split in this District regarding the treatment of motions seeking leave to serve third-party subpoenas in BitTorrent litigation in advance of a Rule 26 conference. Faced with such a motion courts will either: (1) allow the permissive joinder of multiple Doe defendants and grant the motion for leave to serve third-party subpoenas, or (2) find joinder of multiple Doe defendants improper and/or deny the motion for leave to serve third-party subpoenas.

The majority of the judges in this District find the joinder of multiple Doe Defendants permissible and grant the motions seeking leave to serve third-party subpoenas.  In the oft cited case of *Patrick Collins, Inc. v. John Does 1-28*, No. 12-13670, 2013 WL 359759 (E.D. Mich. Jan 29, 2013), after allowing the plaintiff to serve third-party subpoenas, three Doe defendants moved to quash the subpoenas and sever and Judge Ludington addressed the issue of whether the

5

Doe defendants were properly joined to the action after. *Patrick Collins, Inc. v. John Does 1-28*,

No. 12-13670, 2013 WL 359759, * 5 (E.D. Mich. Jan 29, 2013).

> Judge Ludington denied the motions to sever and reasoned that:
>
> in the universe of possible transactions, at some point, each Defendant
> downloaded a piece of the Movie, which had been transferred through a series of
> uploads and downloads from the Initial Seeder, through other users or directly, to
> each Defendant, and finally to IPP [plaintiff's investigator].
>
> Therefore, each Defendant is logically related to every other Defendant because
> they were all part of a series of transactions linked to a unique Initial Seeder and
> to each other.  This relatedness arises not merely because of their common use of
> the BitTorrent protocol, but because each Defendant affirmatively chose to
> download the same Torrent file that was created by the same initial seeder,
> intending to: 1) utilize other users' computers to download pieces of the same
> Movie, and 2) allow his or her own computer to be used by other peers and
> Defendants in the same swarm.

*Id*. (quoting *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 165 (E.D. Mich. 2012),

*report and recommendation adopted*, 11-15232, 286 F.R.D. 319, 2012 WL 4498373 (E.D. Mich.

Sept. 28, 2012)).

Then Magistrate Judge, now District Court Judge, Laurie Michelson also held that

joinder of multiple Doe defendants in a BitTorrent action was permissible under Rule 20(a)(2) in

*Third Degree Films v. Does 1-36*, No. 11-15200, 2012 WL 2522151 (E.D. Mich. May 29, 2012).

Judge Michelson concluded that there was clearly a common question of law or fact as to all

defendants that would arise in the action and then went on to examine whether the plaintiff had

adequately pled a right to relief against defendants arising from the same series of transactions or

occurrences.  *Id*. at *4-5.  She concluded that "the question in this case is whether Plaintiff has

sufficiently pled that each defendant's act of infringement– downloading and uploading pieces of

a digital version of the Work – share 'an aggregate of operative facts' or, restated, whether

Plaintiff has sufficiently pled 'shared, overlapping facts' giving rise to the claim of infringement against each of the defendants." *Id*. at * 5 (quoting *In re EMC Corp*., 677 F.3d 1351, 1358). The court acknowledged that while it was likely that the defendants did not directly upload to or with each other during the swarm (which lasted 69 days), the nature of a BitTorrent swarm is such that "while a peer directly uploads to only a small number of peers, those peers in turn upload pieces to other peers that later join the swarm. Thus, a defendant's 'generation' of peers – peers that a defendant likely directly uploaded to – helped pass on pieces of the Work to the next 'generation' of active peers." *Id*. at *9. Accordingly, Judge Michelson concluded that "it is beyond dispute that the initial seeder indirectly uploaded pieces of the Work to every peer in the swarm – no matter when they joined." *Id*. (citation omitted).[2]

On the other hand, other courts in this District have held that multiple Doe defendants were improperly joined in BitTorrent infringement actions because allegations that the Doe defendants participated in the same BitTorrent "swarm" were not sufficient to plausibly show that the defendants were engaged in the same transaction or occurrence or series of transactions or occurrences under Rule 20(a)(2).

For example, in *Patrick Collins, Inc. v. John Does 1-23*, No. 11-15231, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012), District Court Judge George Caram Steeh granted a motion to quash in part and severed Doe defendants 2-23. Judge Steeh noted that the alleged swarm activity involved 23 different defendants, 4 different ISPs, and the "swarm" lasted nearly

---

[2]  However, this will not always be true of "swarm" behavior, as there are possible scenarios in which the earlier behavior of a peer does not contribute to or "pave the way for later participants to obtain the file." Karunaratne, 111 Mich. L. Rev. at 295-96 (setting forth examples).

three months.  *Id*. at *3.  Judge Steeh concluded that earlier P2P file sharing cases were

analogous and held that it was implausible that the defendants ever connected with each other

given the three month time span of the swarm.  *Id*.  Judge Steeh further explained:

> plaintiff's complaint is devoid of any information concerning the number of users
> in the swarm involved, which easily can reach numbers in the hundreds of
> thousands.  The nature of the BitTorrent protocol enables its users to share files in
> a relatively quick time frame, ranging anywhere from fifteen minutes to a few
> hours.  The absence of information concerning the number of total users in the
> swarm, coupled with the BitTorrent protocol's ability to quickly share files
> further demonstrates that it is implausible that any of the Doe defendants were
> simultaneously sharing pieces of Plaintiff's work.

*Patrick Collins*, No. 11-15231, 2012 WL 1019034, at * 4.  Accordingly, because the allegations

did not plausibly allege that the Doe defendants had done anything more than merely use the

same file-sharing network to illegally download the same copyrighted work, the BitTorrent

action was indistinguishable from earlier P2P technology cases finding such claims insufficient

for proper joinder under Rule 20.  *Id*.  Judge Steeh further noted that the nature of a BitTorrent

infringement action "inevitably produces varying defenses that require severance."  *Id*. at * 5.

Thus, one could surmise that allowing such a joinder would create problems in case

manageability.

     Judge Steeh also disagreed with other district courts which had held that the joinder issue

should be addressed after the Doe defendants were identified, holding that where a court has

determined that Doe defendants were improperly joined, "allowing plaintiff to proceed with its

lawsuit until the Doe defendants have been identified will pervert the joinder rules" and

ultimately encourage similar plaintiffs to improperly join defendants, and result in "lost revenue

of perhaps millions of dollars" to the courts through lost filing fees.  *Id*. at *5 (citation omitted).

District Court Judge David Lawson recently denied motions for leave to serve third-party subpoenas in two cases also alleging copyright infringement of "The Cobbler."  Judge Lawson's order denying the motion noted that "the plaintiff has made no showing in any of its filings that its attempt to join the [thirty] unidentified defendants named as Does 1-30 is procedurally proper, because it has not cited any facts to suggest that the defendants were in any way involved in the same transaction or occurrence, or even in any vaguely related series of transactions or occurrences.  FED. R. CIV. P. 20(a)(2)(A)."  *Cobbler Nevada, LLC v. Does 1-30*, No. 15-11872, ECF No. 4 (citing *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014)); *see also Cobbler Nevada, LLC v. Does 1-16*, No. 15-12773, ECF No. 4 (Lawson, J., dismissing same motion for same reasons).

District Court Judge Arthur Tarnow was assigned two cases involving the alleged copyright infringement of "The Cobbler" and sua sponte severed all but the first Doe defendant in each action.  *See Cobbler Nevada, LLC v. Does 1-20*, No. 15-11853, ECF No. 5, Order severing Defendant Does 2-20; *see also Cobbler Nevada, LLC v. Does 1-30*, No. 15-12781, ECF No. 2, Order severing Defendant Does 2-30.  In Judge Tarnow's order severing all but the first Doe defendant, he explained:

> The question of whether participation in a single swarm justifies joinder "has divided the courts, including judges of the Federal District Court for the Eastern District of Michigan."  *Patrick Collins, Inc. v. John Does 1-28*, No. 12-13670, 2013 WL 359759, at *1 (E.D. Mich. Jan. 29, 2013) [(Ludington, J.)].  This Court has previously contributed to the debate, holding defendants' alleged participation in a single swarm insufficient to satisfy Rule 20(a)(2)'s transaction or occurrence requirement.

*Cobbler Nevada, LLC v. Does 1-30*, No. 15-12781, ECF No. 2, at * 2 (citation omitted).  In his Order, Judge Tarnow relied upon Judge Steeh's analysis in *Patrick Collins*, examined above, and

9

also upon three law review articles examining the subject.  *See* Christopher Civil, *Mass Copyright Infringement Litigation: Of Trolls, Pornography, Settlement, and Joinder*, 30 Syracuse J. Sci. & Tech. L. Rep. 2 (2014); Evan Hoole, Comment, *An Uncomfortable Threesome: Permissive Party Joinder, BitTorrent, and Pornography*, 63 Emory L.J. 1211 (2014); Sean B. Karunaratne, Note, *The Case Against Combating BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits*, 111 Mich. L. Rev. 283 (2012).  Judge Tarnow concluded that "[e]ven if Plaintiff had shown that certain defendants had participated in the swarm simultaneously for some period of time, the Court would be forced to speculate as to whether they contributed to each other's downloading, since each active member of a swarm is connected only to a small subset of the other members at any given time."  *Cobbler Nevada*, No. 15-12781, ECF No. 2, at * 3 (citing Hoole, *supra*, at 1241).

   B.    Present Action

   The Court finds that for the reasons articulated by Judge Steeh in *Patrick Collins*, No. 11-15231, 2012 WL 1019034, *4-5 and Judge Tarnow in *Cobbler Nevada*, No. 15-12781, at *2-4 (Order Severing Doe Defendants), defendants' alleged participation in a single "swarm" is insufficient to satisfy Rule 20(a)(2)'s transaction or occurrence requirement.  The Court concludes that Plaintiff has failed to satisfy Rule 20(a)(2) because Plaintiff's allegations cannot suffice to show a logical relationship between the defendants because it is possible that any one defendant's activity did not actually affect or pave the way for a later defendant to download the copyrighted work.  *See Cobbler Nevada,* No. 15-12781, ECF No. 2, at 3 (Tarnow, J.); *see also* Karunaratne, 111 Mich. L. Rev. at 295-96 (setting forth examples of "swarm" behavior).  Thus, Plaintiff's allegations merely evidence that the defendants all used the same file sharing network

10

to commit infringement of the same copyrighted work and such claims are analogous to the previous P2P actions where courts found such allegations insufficient to sustain permissive joinder. Additionally, the Court finds that the very nature of a BitTorrent infringement will "inevitably produce[] varying defenses that require severance." *Patrick Collins*, No. 11-15231, 2012 WL 1019034, at * 5. Accordingly, the Court will SEVER Doe Defendants 2-30 from the present action pursuant to Rule 21.

The Court will also grant in part Plaintiff's motion for leave to serve third-party subpoenas prior to a Rule 26(f) conference. The Court finds that Plaintiff has shown good cause for early discovery as to Doe Defendant 1 by stating a plausible claim for copyright infringement and specifically identifying the discovery sought. Further, the Court finds that Doe Defendant 1 does not have a reasonable expectation of privacy in his or her internet subscriber information. *See Safety Point Prods., LLC v. Does 1-57*, No. 3:12-cv-601, 2013 WL 1398585, *2 (E.D. Tenn. Apr. 5, 2013) (noting that "federal courts have consistently held that internet subscribers do not have a reasonable expectation of privacy in their subscriber information – including their name and address – as they have already conveyed such information to their ISPs."). The Court also finds that the information sought by Plaintiff is necessary to prosecute the Plaintiff's claim and otherwise unavailable. Additionally, the information is narrowly tailored such that:

(1) Plaintiff shall attach a copy of this Order to the subpoena it issues to Doe Defendant 1's ISP;

(2) Plaintiff's subpoena to the ISP may seek only the following information regarding Doe Defendant 1:

(A) Full name, and

(B) Residential address.

11

(3)     Within seven (7) days of its receipt of the subpoena, the ISP shall reasonably attempt to identify the subject Doe Defendant subscriber and provide him or her with a copy of the subpoena and this Order.

(4)     The ISP shall have twenty-one (21) days from the service of the subpoena to quash or otherwise object to the subpoena. Defendant Doe 1 shall have fourteen (14) days from the receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena. The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. If no motion to quash is filed by either the ISP or Doe Defendant 1 within the time periods prescribed herein, the ISP shall produce to Plaintiff the information identified in Paragraphs 2(A) and (B) above.

## IV. CONCLUSION

For the reasons set forth above, the Court SEVERS Doe Defendants 2-30 from the present action. The Court also GRANTS IN PART Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference as to Doe Defendant 1 (ECF No. 2).

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 1, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 1, 2015.


s/Deborah Tofil
Case Manager